OPINION OF THE COURT
Jacqueline M. Koshian, J.
On the first day of April 1996 this court held a hearing in the above-captioned class action on motion of plaintiffs for final approval of the class action settlement entered into between the parties herein and for approval of counsel fees. On February 5, 1996 this court granted an order pro hac vice admitting attorneys Barry G. Reed, Peter M. Racher, Henry J. Price and Joseph F. Yenouskas for participation in this matter. On the same date, this court granted an order temporarily certifying this action as a class action, preliminarily approving the proposed settlement agreement and scheduling a final hearing. This matter came on for hearing before the undersigned on Monday, April 1, 1996, on motion of plaintiffs for final approval of the class action settlement entered into between the parties hereto. The issues orally argued before the court on the hearing date covered the fairness of the proposed settlement and the attorneys’ fees and costs, sought by plaintiffs’ counsel.
The plaintiffs commenced an action against PHH US Mortgage Corporation (PHH) in the Supreme Court of New York, Niagara County, on January 10, 1994. In this litigation the plaintiffs have alleged that PHH has historically required class members to pay into escrow accounts for realty taxes, insurance premiums, and other items, an amount in excess of the sums mortgagors are required to pay under the mortgage agreements and under applicable law. Plaintiffs have asserted claims against PHH, inter alia, for violation of section 10 of the Real Estate Settlement Procedures Act (RESPA) (12 USC § 2609), breach of contract and other causes of action claiming breaches of fiduciary duty and misrepresentation. PHH, on the one hand, denies any wrongdoing and liability whatsoever, but on the other hand, concludes that it is in its best interest to settle the litigations on the terms set forth in a proposed settlement agreement dated December 1995.
The class involved in this class action consists of all persons who had, at any time during the class period, residential loans serviced or subserviced by PHH for which PHH maintained or *860 maintains an escrow account. The class is divided into two subclasses: the open class consists of all persons who, as of the date of the entry of the preliminary approval order, have residential mortgage loans serviced or subserviced by PHH for which PHH maintains escrow accounts; and the closed class consists of all persons who are not members of the open class and who, at any time during the class, had residential mortgage loans serviced or subserviced by PHH for which PHH maintained escrow accounts. The class commenced as of June 8, 1988 and ends as of the date of the preliminary approval order.
The plaintiffs, as class representatives, fairly and adequately represent the interests of the class and have no interest antagonistic to the class, although it should be noted here that the plaintiff class representatives are seeking sums of $2,000. The notice previously given to class members in this action satisfied the requirements of due process and the requirements of CPLR 904 and 908.
The plaintiffs, as class representatives, bring this action on behalf of approximately 140,000 borrowers. Plaintiffs’ counsel received 27 responses to the notices sent to the borrowers; 12 of the borrowers chose to opt out; 10 of the borrowers objected to the action as being frivolous; three of the borrowers wanted more information and two filed objections. The objections were from Douglas G. Schneebeck, Esq. and Jean Marie Bannon (together Schneebeck) and from Ralph G. Wellington, Esq. Both sets of objections allege that neither the settlement agreement nor the requested attorneys’ fees are fair or reasonable to the borrowers.
The law firms of Zimmerman Reed, and Plews, Shadley, Racher & Brown and Cropsey & Cropsey have been involved with several similar cases, namely, Stefani v American Home Funding, in the United States District Court, Western District of New York, Buffalo, New York, in May 1994; Lyons v Atlantic Mtge. & Inv. Corp., in the Supreme Court of the State of New York, County of Monroe, in March 1995; Bay v Citicorp Mtge., in the United States District Court, Northern District of Illinois, Eastern Division, in June 1995; Murphy v Dime Sav. Bank, in the Supreme Court of the State of New York, County of Queens, in August 1995; and Mufford v Dale Mtge. Bankers Corp., in the Supreme Court of the State of New York, County of Monroe, in April 1996. Plaintiffs’ counselors are well versed in presenting these actions to the courts. Their pleadings, memoranda of law and papers are fine tuned and their oral arguments are persuasive.
*861 However, this court finds that the benefits of the proposed settlement to the class are illusory and not of substance. In deciding whether to approve or reject the settlement terms, this court must apply a "reasonableness under the totality of the circumstances” standard. (Grunin v International House of Pancakes, 513 F2d 114, 124.) "In approving a class settlement, the district court must consider whether the settlement is 'fair, reasonable, and adequate.’ ” (Van Horn v Trickey, 840 F2d 604, 606; Fed Rules Civ Pro rule 23.) No sufficient evidence has been provided to this court to allow it to make a determination as to fairness, reasonableness and adequateness of the proposed settlement. All parties keep referring to an eight million dollar benefit to the class, but no amount of questioning has brought forth a satisfactory explanation as to such an alleged eight million dollar refund. Plaintiffs’ counsel speak about a "stream of payments” into the future which will benefit the class. A review of the information provided to this court indicates that this "stream of payments” is an imaginary interest payment a borrower could receive if he or she actually invested any excess money that was being paid into his or her escrow account, into an interest-bearing account. The only money that will be exchanged if this proposed settlement is accepted is the sum of approximately $125,000 which is the interest that could have been earned on funds in the borrowers’ escrow accounts, broken down to approximately $1 per eligible loan and an award of fees of $150,000 which would be paid by PHH. "[W]hen the principal, if not the only, beneficiaries to a class action are to be the attorneys for the plaintiffs, and not the individual class members, a costly and time consuming class action is not the superior method for resolving the dispute”. (82 NY Jur 2d, Parties, § 258, at 273.) "For the sake of their own integrity, the integrity of the legal profession, and the integrity of Rule 23, it is important that the courts should avoid awarding 'windfall fees’ and that they should likewise avoid every appearance of having done so”. (City of Detroit v Grinnell Corp., 495 F2d 448, 469.) In addition, what PHH is agreeing to do is exactly what it is mandated to do under the law. (See, 12 USC § 2609.)
This court is mindful of the factors it should consider in determining whether or not a settlement is fair, reasonable and adequate, namely, the merits of the plaintiffs’ case weighed against the terms of the settlement; the defendant’s financial condition; the complexity and expense of further litigation; and the amount of opposition to the settlement. It is true that *862 out of 140,000 borrowers only about 27 opposed this settlement and it is also true that if each individual borrower were to bring litigation against the defendant the actions would be complex and expensive. However, taking everything into consideration and without reaching any ultimate conclusions on the issues of fact and law which underlie the merits of this dispute, this court does not find the proposed settlement agreement to be fair, adequate or reasonable.
Based upon the foregoing this court does hereby deny plaintiffs’ motion for final approval of class settlement; and it does further deny plaintiffs’ application for award of attorneys’ fees and reimbursement of expenses.